**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**KELVIN JORNARD JONES**                                                      **PLAINTIFF**

**VS.**                                  **CIVIL ACTION NO. 3:13CV856-HTW-LRA**

**LT. HEART**                                                         **DEFENDANT**

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Kelvin Jornard Jones [hereinafter "Plaintiff"] filed a Complaint pursuant to 42 U.S.C. Section 1983 on March 11, 2013, naming a "Lt. Heart" as Defendant, along with GEO and Warden Horton. GEO and Horton were dismissed by this Court by Order filed April 24, 2013 [14]. Process was issued for Lt. Heart, and the United States Marshals Service attempted to serve her at the East Mississippi Correctional Facility in Meridian, Mississippi. The summons was returned unexecuted on May 13, 2013, with the notation that she was no longer employed at the facility.

On October 2, 2013, the undersigned entered an Order directing Plaintiff to provide a current address for the named Defendant by January 23, 2014, in order that service of process could be executed. Alternatively, he was directed to show cause as to why his Complaint should not be dismissed due to his failure to cause service to be made on this Defendant. Plaintiff responded to that Order by requesting additional time to serve process. By Order [28] entered January 31, 2014, Plaintiff was granted until March 10, 2014, to serve process. Plaintiff has not provided an address for Lt. Heart, nor has he requested additional

time in which to locate an address for process. The Court has previously advised Plaintiff that it does not locate addresses for service on behalf of litigants in civil cases.

It is the opinion of the undersigned that this case should be dismissed *sua sponte* for Plaintiff's failure to prosecute his case by not having caused process to be served within 120 days after filing the Complaint and by not having complied with the Court's January 31, 2014, Order [28].

FED.R.CIV.P.4(m) provides as follows:

> **(m) Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. ...

The time period for serving process originally expired on or about August 22, 2013, 120 days after the United States Marshal was directed to serve the Complaint. Even using the date the summonses were returned unexecuted, Plaintiff still should have caused process to be served on or before the last date given, March 10, 2014. The Court has not previously dismissed the case because prisoner plaintiffs are given great latitude in effecting process due to their incarceration and because the Court directs the Marshals Service to effect service. However, Plaintiff has not responded to the Court's January 31, 2014, Order, and the Court must presume that he no longer wishes to proceed.

It is the opinion of the undersigned that this case should be dismissed without prejudice due to Plaintiff's failure to have process served and by his failure to abide by the Order of this Court. If he locates the address for Lt. Heart, he may refile his Complaint.

This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the Court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. *Link*, *supra*, 370 U.S. at 630. The actions of Plaintiff also prejudice the rights of Defendant to promptly and fully defend the claims made against her.

For these reasons, it is the opinion of the undersigned that the Complaint filed by Plaintiff should be dismissed without prejudice pursuant to FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b). If Plaintiff objects to dismissal and shows good cause as to why his case should not be dismissed, he should be required to explain to the Court how he intends to proceed against this Defendant.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 27th day of March 2014.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE
